IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**DORAN BOWERS,**

    **Plaintiff,**

v.                                                         Case No. 2:14-cv-27242

**RORY PERRY, ROBIN DAVIS, BRENT BENJAMIN,
MARGARET WORKMAN, MENIS KETCHUM, ALLEN
LOUGHRY, the STATE of WEST VIRGINA, GREGORY
HILTON, PETER KRAUSER, ALEXANDER WRIGHT, ALBERT
MATRICCIANI, CHARLES MOYLAN, LAWERENCE RODOWSKY,
ROBERT BELL, MARY ELLEN BARBERS, GLEN HARELL, LYNNE
BATTAGLIA, CLAYTON GREENE, SALLY ATKINS, ROBERT
McDONALD, SHIRLEY WATTS, KATTHLEEN COX, and the STATE
of MARYLAND,**

    **Defendants.**

    **INTERESTED PARTIES
KEITH BIERLEY-BOWERS AND CLARKE BOWERS,**

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 24, 2014, Plaintiff Doran Bowers (hereinafter "Plaintiff"), acting pro se, filed a Complaint against the Defendants (ECF No. 1). On November 24, 2014, Plaintiff filed an Amended Complaint (ECF No. 6).[1] On January 5, 2015, Defendants Brent Benjamin, Robin Davis, Menis Ketchum, Allen Loughry, Margaret Workman, Rory Perry and the State of West Virginia (hereinafter "the West Virginia Defendants"), by counsel, filed a Motion to Dismiss (ECF No. 34). On January 5, 2015, Defendants Peter Krauser, Alexander Wright, Albert Matricciani, Charles Moylan, Lawrence Rodowsky, Robert Bell, Mary Ellen Barbers, Glenn Harrell, Lynne

---

[1] In the Amended Complaint, Plaintiff added three allegations against Administrative Judge Kathleen Cox, see paragraphs 17, 25 and 35.

Battaglia, Clayton Greene, Sally Adkins, Robert McDonald, Shirley Watts, Kathleen Cox, Gregory Hilton, and the State of Maryland (hereinafter "the Maryland Defendants"), by counsel, filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment (ECF No. 36). On February 5, 2015, Plaintiff filed a Motion for Correction and Renewed Demand (ECF No. 46). This matter was assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by Standing Order was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. Sec. 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the West Virginia Defendants' Motion to Dismiss (ECF No. 34) and the Maryland Defendants' Motion to Dismiss (ECF No. 36) be **GRANTED**.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiff, Doran Bowers, was involved in litigation in the State of Maryland with his two brothers, Keith Wallace Brierley-Bowers and Clarke Daniel Bowers. The case involved the estate of his parents and two revocable trusts, one created by each parent in 1993 naming all three sons as co-trustees. The father of the three brothers died on August 26, 2007, and the mother of the three brothers died on February 20, 2008. On March 14, 2011, the brothers of the Plaintiff filed in the Circuit Court for Baltimore County, Maryland, their Fourth Amended Complaints, one relating to each of the two trusts, asking for the removal of the Plaintiff as one of the co-trustees of the trusts. After a three-day evidentiary hearing on April 6, 2011, the Honorable Vickie Ballou-Watts rendered an opinion from the bench granting the brothers' motion for the removal of the Plaintiff as a co-trustee. On April 14, 2011, Plaintiff was removed as co-trustee of the trusts.

Plaintiff appealed this decision to the Court of Special Appeals, which affirmed the decision of the Circuit Court on September 19, 2012. It appears that Plaintiff filed a petition for

writ of certiorari with the Maryland Court of Appeals which was denied by order dated February 25, 2013 (ECF No. 36 at p. 3).

On September 25, 2013, Plaintiff submitted a document titled "Petition and Notice of Appeal" to the West Virginia Supreme Court as a means to seek relief from the judgments rendered in Maryland state court. His stated reason for seeking relief in the West Virginia Supreme Court was that he is a West Virginia resident. By Order, the West Virginia Supreme Court refused to file Plaintiff's pleading. In a response to a letter from Plaintiff, Rory Perry, one of the West Virginia Defendants, wrote a brief letter to Plaintiff explaining that the West Virginia Supreme Court did not have jurisdiction to review a decision of any Maryland court. In response to a letter written by Plaintiff to Ruth Melvin, an administrative assistant for the State of West Virginia, on April 1, 2014, requesting various information, Justice Menis Ketchum, a West Virginia Defendant, wrote a letter to Plaintiff explaining for a second time that the West Virginia Supreme Court did not have jurisdiction over decisions made by a Maryland court. On April 21, 2014, Plaintiff wrote a letter to Defendant Justice Ketchum asserting that he should be able to obtain relief from the West Virginia Supreme Court for actions taken by the Maryland courts. In response, Defendant Justice Ketchum wrote the Plaintiff a second letter indicating that the West Virginia Supreme Court did not have jurisdiction to review decisions of a Maryland court.

On October 24, 2014, Plaintiff filed his complaint and on November 24, 2014, filed an Amended Complaint. Plaintiff asserts that the West Virginia Defendants have denied him due process and justice, and thus violated the constitution. Plaintiff further asserts that the West Virginia Defendants denied him due process by refusing his petition for prohibition (and appeal) and that jurisdiction properly rests and should rest with the courts of West Virginia.

## II. STANDARD OF REVIEW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal and factual sufficiency of a complaint. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). In ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89 (2007). The complaint must assert facts that are sufficient to "raise a right to relief above the speculative level" and support a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The Supreme Court explained the "plausibility" standard in *Ashcroft v. Iqbal*, stating:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 1937 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 1955) (internal citations omitted). Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Iqbal*, 1937 S. Ct. at 1950 (*citing Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2nd Cir. 2007)). While the court is required to accept the legitimacy of legal conclusions asserted in the complaint, it is not required to accept the legitimacy of legal conclusions. *Iqbal*, 1937 S. Ct. at 1949. As such, to survive a motion to dismiss, a complaint must plead both a factual and legal basis for relief. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to establish a facially plausible complaint).

This Court is required to liberally construe pro se complaints, such as the one filed in this civil action. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under the less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998). The Court may not develop the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993). The Court may not "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because the Plaintiff is proceeding pro se, the Court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404, U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief … shall contain <u>1) a short and plain and plain statement of the grounds upon which the court's jurisdiction depends</u>, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (Emphasis added). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n*, 361 F. Supp. 398 (S.D. W. Va. 1873), aff'd sub. nom. *Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*,

210 F.3d 389 (10th Cir. 2000) (permitting sua sponte dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

### III. ANALYSIS

Although the Plaintiff has asserted a denial of due process by the West Virginia Defendants for refusing to consider his petition for prohibition (and appeal),[2] it appears that Plaintiff is attempting to appeal or re-litigate one or more decisions from state courts in the State of Maryland. The Plaintiff's claim fails for several reasons:

#### A. Failure to State a Claim.

The West Virginia Defendants assert that the Plaintiff's complaint has failed to meet the minimum required factual basis for a procedural due process claim and should be dismissed. Plaintiff has filed this case against the West Virginia Defendants for failure to docket his petition. The Maryland Defendants assert that the factual basis of the claim and which Defendant is being sued and under which legal theory are ambiguous and the subject of much guesswork. Plaintiff broadly states in conclusory fashion that the Maryland Judges "lied" in adjudicating his case, but failed to cite any state or federal law to support his claim.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegation," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

---

[2] Plaintiff did not cite any claim that would entitle him to relief under the United States Constitution or any federal statute, he only cited two West Virginia statutes.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 55, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.***
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

The convoluted and disjointed allegations concerning the conduct of the West Virginia Defendants and Maryland Defendants in the Amended Complaint do not allege specific facts concerning the conduct of each of these Defendants upon which the Court can draw a reasonable inference that they in fact violated the Plaintiff's due process rights. Accordingly, pursuant to the holdings in *Twombly* and *Iqbal*, the undersigned proposes that the presiding District Judge **FIND** that, taking the allegations in the Amended Complaint as true, the Plaintiff has not alleged a claim for relief against the West Virginia Defendants and the Maryland Defendants. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss the Plaintiff's Amended Complaint against the West Virginia Defendants and the Maryland Defendants for failure to state a claim.

### B. Subject Matter Jurisdiction.

The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. *Swearington v. G6 Hospitality*, LLC, 2014 WL 5454320 (W.D.N.C.), citing *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The West Virginia Defendants' Motion to Dismiss (ECF No. 34) asserts that the Plaintiff's allegations against them arise from the decision of the West Virginia Supreme Court to refuse to docket a petition for prohibition and appeal from the judgments of the Maryland courts. Plaintiff submitted a document titled "Petition and Notice of Appeal" to the West Virginia Supreme Court as a means to seek relief from the judgments rendered in Maryland state court. Plaintiff did not allege any federal law claims, but instead alleged claims of fraud and state constitutional torts against the Maryland Defendants as a result of adverse decisions rendered against him. As the court stated in *Swearington*, "Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Citing *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 606-07 (4th Cir. 2002) (internal citations omitted). The Plaintiff has not alleged a claim against the West Virginia Defendants that would entitle him to relief under the United States Constitution or any federal statute. Thus, the Plaintiff has not stated a federal question, as required for this Court to have subject matter jurisdiction under 28 U.S.C. Sec. 1331.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the Plaintiff is essentially challenging decisions made by the courts in the State of Maryland and this court's review of said decisions amount to an appeal therefrom. Accordingly, it is respectfully

**RECOMMENDED** that the presiding District Judge dismiss the Plaintiff's Amended Complaint against the West Virginia Defendants for lack of subject matter jurisdiction.

### C. Rooker-Feldman Doctrine.

This Court is also without jurisdiction to hear Plaintiff's claims under the Rooker-Feldman doctrine. The Supreme Court made it clear in *D.C. Ct. of Appeals v. Feldman*, 460 U. S. 462 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), that "federal courts are divested of jurisdiction 'where entertaining the federal claim should be equivalent of an appellate review of the state court order." *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196-98 (4th Cir. 2002) (*quoting Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997)); *Plyer v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (Rooker-Feldman applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court"). More recently, the Supreme Court reiterated that the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U. S. 280, 284 (2005).

The undersigned proposes that the presiding District Judge **FIND** that the Plaintiff is challenging state court decisions removing him as co-trustee, and that this Court's review of those decisions amount to an appeal therefrom, and is barred by the Rooker-Feldman doctrine. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss the Plaintiff's Amended Complaint for lack of jurisdiction under the Rooker-Feldman doctrine.

### D. Personal Jurisdiction.

Defendant State of Maryland asserts that Plaintiff's Amended Complaint should be dismissed pursuant to Federal Rule 12(b)(2) because the Amended Complaint fails to allege

sufficient facts to establish that the Court has personal jurisdiction over these Defendants. When a defendant raises the question of whether the district court has personal jurisdiction over it, the plaintiff bears the burden of showing that jurisdiction exists. *Junge v. Wheeling Island Gaming*, Inc., 2010 WL 4556523 (N.D.W.Va.), *citing GE v. Deutz AG*, 270 F.3d 144, 150 (3d Cir 2001); *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3rd Cir. 1992). The undersigned has reviewed the Amended Complaint and it appears that all activity involved in Plaintiff's underlying litigation occurred in the State of Maryland and that no activity whatsoever occurred in the Southern District of West Virginia. The burden of showing that jurisdiction exists is on the Plaintiff and he may not rests solely on his pleading to satisfy this burden. As the court stated in *Junge*, a plaintiff may meet this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." c*iting Farino*, 960 F.2d at 1223 (internal quotation omitted). This federal court does not have jurisdiction over the Maryland Defendants. The Plaintiff has not demonstrated any nexus or connection to the Southern District of West Virginia that would confer personal jurisdiction over any of these Defendants sufficient to warrant these Defendants defend themselves in this District. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this Court lacks personal jurisdiction over the Defendants and the Plaintiff has failed to state any claim against the Maryland Defendants which is cognizable in the Southern District of West Virginia. To the extent that the Plaintiff's Amended Complaint challenges the rulings, decisions or other actions taken against him in Maryland, the Plaintiff must pursue claims, if any, against those Defendants or arising out of that conduct in the State of Maryland where such action occurred. Accordingly, it is **RECOMMENDED** that the Presiding District Judge dismiss all the claims in the Plaintiff's Amended Complaint against the Maryland Defendants for lack of personal jurisdiction.

### E.     Eleventh Amendment Immunity.

The Plaintiff's Amended Complaint names the Justices of the West Virginia Supreme Court of Appeals, Clerk of the West Virginia Supreme Court of Appeals and the State of West Virginia as defendants in this case.  The West Virginia Supreme Court of Appeals is an arm of the State of West Virginia, which is immune from suit for monetary damages under the Eleventh Amendment to the United States Constitution which provides that "judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  U.S. Const., Amend. XI.[3]  It is clear that, regardless of the relief sought, the Eleventh Amendment bars suits by private citizens against a state, or its officials, in federal court, unless the state has specifically waived its right to immunity.  *Pennhurst State School & Hosp. v. Halderman*, 465, U.S. 89, 98-99, 101 (1984).

A state can only waive its sovereign immunity by unequivocal expressions or actions. Id, at 99; *see also Edelman v. Jordan*, 415 U.S. 651, 673 (1974).  Similarly, Congress can abrogate a state's immunity only where it has unequivocally expressed its intent to do so, and only where it has validly exercised its power. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).

The Plaintiff has not raised any claims under a statute in which Congress has clearly and unequivocally abrogated the state's Eleventh Amendment immunity, and the Plaintiff has failed to assert a meritorious argument that the State of West Virginia has waived it sovereign immunity.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the West Virginia Defendants are immune from suit in this federal court under the Eleventh Amendment to the United States Constitution.

---

[3] Although not expressly stated in the amendment, the Eleventh Amendment has been held to bar suits against a state, or its officials, by its own citizens as well.  *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974).

**F.    Absolute Immunity.**

Judicial immunity is a firmly rooted principle of law that shields judicial officers from civil suit for actions taken in exercise of their judicial functions. *Stump v. Sparkman*, 435 U. S. 349, 98 S. Ct. 1099 (1978). The primary policy that supports judicial immunity is also well-established. As early as 1872, the Supreme Court recognized that it is:

> [A] general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.

*Bradley v. Fisher*, 13 Wall. 35, 347, 20 L.Ed. 646 (1872).

The scope of judicial immunity is interpreted broadly. In *Bradley*, the Supreme Court held: "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley*, 13, Wall. At 351. The only exceptions to absolute judicially immunity are for non-judicial acts, or where the act is done in complete absence of jurisdiction. *Stump*, 435 U. S. at 360; *Bradley*, 13 Wall at 351. (*Id.*) Even if the judge acted in error, he or she is still immune. *See Stump*, 435 U. S. at 356. "By the same token, the [Supreme] Court has stated that a judicial act 'does not become less judicial by virtue of an allegation of malice or corruption'" *Forester v. White*, 484 U.S. 219, 227 (1988).

The actions by the Justices of the West Virginia Supreme Court that are challenged by the Plaintiff were "judicial functions." Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, to the extent that the Plaintiff intended to allege claims against them, the Justices of the West Virginia Supreme Court are entitled to absolute immunity from suit and, therefore, the Plaintiff's claims against them or the named court must be dismissed.

Absolute immunity also extends to court clerks and clerical staff and in this case, to Defendant Rory Perry, Clerk of the West Virginia Supreme Court, where he was acting in obedience to judicial orders or under the court's direction. *See McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972). Plaintiff alleges in his Amended Complaint that Defendant Perry refused his petition for prohibition (and appeal) and submitted a spurious order to support his refusal. As Clerk of the West Virginia Supreme Court, Defendant Perry is entitled to absolute immunity for actions taken at the direction of the court. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted against any of these Defendants.

### G. Plaintiff's Motion for Correction and Renewed Demand.

Also pending is Plaintiff's Motion for Correction and Renewed Demand (ECF No. 46). Plaintiff asserts that on December 29, 2014, he mailed first class his Demand for Jury Trial, but it was not filed with CM/ECF until January 6, 2015 (ECF No. 38), the day after the West Virginia Defendants filed a Motion to Dismiss (ECF No. 34) and the Maryland Defendants filed a Motion to Dismiss (ECF No. 36). Plaintiff is asking the court to order that no order answering the motions to dismiss, other than to deny them, be drafted by the court unless so instructed by the jury (ECF No. 46, par. 8). As the Court has respectfully recommended to the District Judge to grant the West Virginia Defendants' Motion to Dismiss and the Maryland Defendants' Motion to Dismiss (ECF No. 36), it is respectfully **RECOMMENDED** that Plaintiff's Motion for Correction and Renewed Demand (ECF No. 46) be **DENIED as moot.**

### RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion to Dismiss Filed on Behalf of Defendants Perry, Davis,

Benjamin, Workman, Ketchum, Loughry and The State of West Virginia (ECF No. 34) and Maryland State Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 36), and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff, and to transmit a copy to counsel of record.

August 31, 2015

Dwane L. Tinsley
United States Magistrate Judge