# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

DORAN BOWERS,

        Plaintiff,

v.                                    CIVIL ACTION NO.   2:14-cv-27242

RORY PERRY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are (1) a Motion to Dismiss filed by West Virginia defendants Rory Perry, Robin Davis, Brent Benjamin, Margaret Workman, Menis Ketchum, Allen Loughry, and the State of West Virginia [ECF No. 34]; (2) a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed by Maryland defendants Peter Krauser, Alexander Wright, Albert Mastricciani, Charles Moylan, Lawrence Rodowsky, Robert Bell, Mary Ellen Barbera, Glenn Harrell, Lynne Battaglia, Clayton Greene, Sally Adkins, Robert McDonald, Shirley Watts, Kathleen Cox, Gregory Hilton, and the State of Maryland [ECF No. 36]; and (3) plaintiff Doran Bowers' Motion for Correction and Renewed Demand [ECF No. 46].

Pursuant to 28 U.S.C. § 636(b)(1)(B) and a Standing Order [ECF No. 2], this civil action, including the motions cited above, was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for the submission of proposed findings of fact and recommendations for disposition. On August 31, 2014, Judge Tinsley recommended that the court grant defendants'

motions to dismiss. Proposed Findings & Recommendation ("PF&R")13–14 [ECF No. 56]. Plaintiff responded to the PF&R on September 11, 2015. Pl.'s Resp. [ECF No. 57].

For the reasons set forth below, I **ADOPT** the Proposed Findings and Recommendations of the Magistrate Judge, **GRANT** West Virginia defendants' Motion to Dismiss, **GRANT** Maryland defendants' Motion to Dismiss, and consequently **DENY** plaintiff's Motion for Correction and Renewed Demand as moot.

## I. Legal Standard

When specific objections are made to a PF&R, the court reviews the specified portions or findings de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Objections that are too general or conclusory to focus attention on any specific error do not trigger de novo review. *Lester v. Ballard*, No. 2:10-cv-00819, 2011 WL 183376, at *5 (S.D. W. Va. Jan. 20, 2011); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Nor is a de novo review required when "objections to strictly legal issues are raised and no factual issues are challenged." *Orpiano*, 687 F.2d at 47. "When reviewing portions of the PF&R de novo, the [c]ourt will consider the fact that Plaintiffs are acting *pro se*, and their pleadings will be accorded liberal construction." *Dement v. Summers Cty. Courthouse*, No. 5:13-cv-08899, 2015 WL 461560, at *2 (S.D. W. Va. Feb. 3, 2015) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978)).

## II. Discussion

The PF&R thoroughly laid out six grounds on which the defendants' motions to dismiss should be granted: (1) failure to state a claim; (2) lack of subject matter jurisdiction; (3) application of the Rooker-Feldman doctrine; (4) lack of personal jurisdiction; (5) Eleventh

2

Amendment immunity; and (6) absolute immunity. The plaintiff objects to "all parts of the document" and addresses each of these grounds in varying degrees of specificity. Pl.'s Resp. ¶ 1. Many of the plaintiff's sixteen pages of assertions are conclusory, make baseless legal arguments, or merely attack the style in which the PF&R is written. Nevertheless, due to the disjointed nature of plaintiff's response, this court has made a de novo review of the entire PF&R and finds the objections without merit.

Plaintiff Doran Bowers is a *pro se* litigant who has failed to get the outcome he seeks from the Maryland or West Virginia state courts, and has now turned to this federal court. In his Amended Complaint [ECF No. 6], the plaintiff named judicial officials from the Maryland Court of Appeals and the Maryland Court of Special Appeals, as well as the State of Maryland in relation to the plaintiff's experience appealing a decision of that state's probate court. The plaintiff also named judicial officials from the West Virginia Supreme Court of Appeals and the State of West Virginia relating to his unsuccessful attempt to appeal the decisions of the Maryland state courts in West Virginia. The complaint now before this federal court must be dismissed on grounds rooted in this court's lack of jurisdiction to hear plaintiff's grievances.

### A. Maryland Defendants

Most fundamentally, plaintiff's complaint against the Maryland defendants fails for lack of personal jurisdiction. *See CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009) (identifying two requirements that must be met in order for a district court to exercise personal jurisdiction over a defendant—"the forum state's long-arm statute must authorize the exercise of such personal jurisdiction," and if that authorization exists, "the Due Process Clause of the Fourteenth Amendment requires that the defendant have sufficient minimum

3

contacts with the forum state."); *see also Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009) ("the plaintiff bears the burden of making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge"). The events giving rise to plaintiff's initial litigation in Maryland's Orphans' Court and subsequent conduct by Maryland judicial officials occurred in Maryland. *See* Pl.'s Am. Compl. ¶ 7–17. The plaintiff has not provided sufficient evidence to show how the Southern District of West Virginia has jurisdiction over the Maryland defendants. The PF&R addresses this fully, and plaintiff's objections merely refer the court to arguments made in earlier filings. PF&R 9–10; Pl.'s Resp. ¶ 16.

Additionally, the plaintiff's claim is barred under the Rooker-Feldman doctrine, as he is essentially seeking federal review of the Maryland state courts' decisions on a probate matter. The Rooker-Feldman doctrine bars federal district courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Plaintiff states that he made no less than seven filings with Maryland's highest court, the Maryland Court of Appeals, and that court declined to reverse the orders of its lower courts. Pl's Am. Compl. ¶ 13. The PF&R clearly explains this ground for dismissal, and the plaintiff's response that his action is "continuing" and not subject to Rooker-Feldman is without merit. PF&R 9; Pl.'s Resp, ¶¶ 14–15.

### B. West Virginia Defendants

Turning to the West Virginia defendants, the Eleventh Amendment bars the plaintiff's claims against the State of West Virginia, as well as the Clerk and Justices of the Supreme Court of Appeals of West Virginia. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).

4

Plaintiff's objection to the PF&R's findings on this ground—stating the wording of the Eleventh Amendment is "quite clear" and is restricted to "citizens of *another* state"—is again without merit and reflects a misunderstanding of Eleventh Amendment immunity. PF&R 11; Pl.'s Resp. ¶¶ 17, 38–39.

Moreover, the judges are afforded absolute judicial immunity for actions taken in exercise of their judicial functions, as discussed in the PF&R, 12–13. *See Stump v. Sparkman*, 435 U.S. 349 (1978). Similarly, as recommended in the PF&R, the clerk is afforded immunity from these claims. The clerk's immunity is derived from absolute judicial immunity for actions taken in discharge of his lawful duties or at the court's direction. *See McCray v. Maryland*, 456 F.2d 1, 4 (4th Cir. 1972) (distinguishing a situation in which a court clerk is in neglect or violation of his duties, from that where the actions complained of "were taken in the discharge of his lawful duties as court clerk"). Plaintiff objects to the PF&R's finding as to the clerk, saying the evidence indicates the clerk was acting "on his own (non-existent) authority" when he issued an order declining plaintiff's petition for prohibition and returned plaintiff's $200 filing fee. Pl.'s Resp. ¶¶ 21, 41.

But plaintiff provides no more than conclusory statements to indicate the clerk was not acting at the direction of the court, and cites only the absence "of any affidavit or claim of responsibility" by the clerk's "superior justices." Pl.'s Resp. ¶ 21. In his Amended Complaint, plaintiff calls the clerk's order "spurious" because it was "signed only by himself and not listed on the list of orders of the court." Pl.'s Am. Compl. ¶ 2; *see also* Pl's Resp. Defs.' Mot. to Dismiss ¶ 8 [ECF No. 48]. Taken as true, these allegations do not support an inference that the clerk was acting without the authority of the court.

5

To the contrary, the initial order to which the plaintiff referred, Pl.'s Am. Compl. ¶ 2, shows plaintiff's petition was assigned pre-petition number 13-049; states that "the Court hereby refuses petitioner's motion;" bears what appears to be the seal of the West Virginia Supreme Court of Appeals; and is attested to by Rory L. Perry II, Clerk of Court. *See* Defs.' Mot. Dismiss Ex. 4 [ECF No. 34-1]; *see also* Pl.'s Resp. to Defs.'s Mot. to Dismiss ¶ 8 [ECF No. 48] (referencing defendants' exhibit when discussing the order). Additionally, the plaintiff acknowledged that a justice replied to the plaintiff's letters and "supported [the clerk] on the grounds of jurisdiction." Pl.'s Am. Compl. ¶ 5; *see also* Defs.' Mot. Dismiss Exs. 7, 9 [ECF No. 34-1] (showing copies of two letters from Justice Menis Ketchum to the plaintiff, referencing the pre-petition number, and indicating the court does not have jurisdiction to review the decision of a Maryland court). These facts indicate the clerk was acting at the direction of the court in the normal course of his duties as clerk, and is thus entitled to immunity from this suit.

These grounds are more than sufficient to dismiss the amended complaint against all defendants, making it unnecessary to reach the discussion of subject matter jurisdiction and the sufficiency of Plaintiff's pleadings.

### III. Conclusion

Upon de novo review, the court agrees with the Magistrate Judge's thorough analysis of these issues. Accordingly, the court **ADOPTS** the Proposed Findings and Recommendations of the Magistrate [ECF No. 56]; **GRANTS** the West Virginia defendants' Motion to Dismiss [ECF No. 34]; **GRANTS** the Maryland defendants' Motion to Dismiss, or in the Alternative, Motion to Stay [ECF No. 36]; and **DENIES** the plaintiff's Motion for Correction and Renewed Demand

[ECF No. 46] as moot. The court **ORDERS** that judgment be entered in favor of the defendants and that this case by **DISMISSED** with prejudice and stricken from the docket of this Court.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 28, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE