IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DORAN BOWERS,

        Plaintiff,

v.                                             CIVIL ACTION NO.   2:14-cv-27242

RORY PERRY, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's Motion for Recusal and New Trial [ECF No. 65]. For the reasons stated below, the Motion is **DENIED**.

I.   *Factual and Procedural Background*

The plaintiff Doran Bowers is a *pro se* litigant whose case was closed on September 28, 2015. Previously, this civil action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, who filed the Proposed Findings and Recommendation on August 31, 2015 [ECF No. 56] recommending the defendants' Motions to Dismiss [ECF Nos. 34 & 36] be granted. The plaintiff filed a Response [ECF No. 57] on September 11, 2015. The court, after conducting a de novo review, adopted the Proposed Findings and Recommendation in its Memorandum Opinion and Order on September 28, 2015 [ECF 59], granting the Motions to Dismiss

1

and dismissing the plaintiff's claims. *See also* Judgment Order, September 28, 2015 [ECF No. 60].

In his Motion, Bowers cites Rule 59 of the Federal Rules of Civil Procedure and requests that the Memorandum Opinion and Order and Judgment Order dismissing his case be "voided" and asks that his pleadings "be considered de novo by a jury in a new trial." Mot. 15. The court will construe this as a motion to alter or amend judgment pursuant to Rule 59(e). In the same Motion, the plaintiff seeks the recusal of Judge Tinsley and Judge Goodwin. Although Bowers cites no legal authority, the court will consider this request under 28 U.S.C.A. § 455. The Motion was largely a reassertion of the plaintiff's arguments in response to the defendants' Motions to Dismiss, along with the plaintiff's speculation about why the case was dismissed. The defendants have not submitted a response. The Motion is now ripe for review.

II. *Reconsideration*

"In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)). Under Rule 59(e), a court may amend a judgment "for three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).

The three grounds on which a party can use Rule 59(e) to challenge a judgment leave no room for rehashing arguments made prior to the judgment or which could have been made prior to the judgment. *See Pac. Ins. Co.*, 148 F.3d at 403 ("Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the parties had the ability to address in the first instance."); *see also id.* ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (quoting 11 *Wright et al., Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). Additionally, a Rule 59(e) motion is not supported by "mere disagreement" with the court's judgment. *Hutchinson*, 994 F.2d at 1082.

The plaintiff claims that the court erred in granting the defendants' Motions to Dismiss.[1] In support of this claim, the plaintiff merely reasserts the arguments he made before the Motions to Dismiss were decided. The plaintiff does not advance a suggestion of an intervening change in the controlling law or the presence of new evidence. Rather, the plaintiff argues that the case was dismissed for unethical reasons. The court must assume, then, that the plaintiff brings his Rule 59(e) challenge under the third prong of *Hutchison v. Staton*: "to correct a clear error of law or prevent manifest injustice." *Hutchison*, 994 F.2d at 1081. However, the

---

[1] As the plaintiff filed this Motion before twenty-eight days from the judgment had passed, and asserts the Motion is filed pursuant to Rule 59, the court will treat his claim under 59(e). *See Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011) (indicating it is appropriate to construe a postjudgment motion as arising under Rule 59(e) when it is timely filed under Rule 59(e)).

3

plaintiff's motion also fails under this prong. The court did not make a clear error of law when it granted the defendants' Motion to Dismiss. While the plaintiff disagrees with the judgment, he presents no evidence that it was erroneous.

### III. Recusal

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge shall also disqualify himself when "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). "In other words, '[d]isqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)). "A presiding judge is not, however, required to recuse himself simply because of 'unsupported, irrational, or highly tenuous speculation.'" *Id.* (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)).

The plaintiff claims that Judge Tinsley and I are biased against *pro se* parties and must recuse ourselves. *See, e.g.*, Mot. 2. The plaintiff argues that Judge Tinsley has a conflict of interest due to an alleged interest in maintaining errors in the docket. *See, e.g.*, Mot. 10. Furthermore, he argues that I have a conflict of interest due to an alleged conspiracy to prevent Judge Tinsley's alleged interest in errors in the docket from being revealed. *See, e.g.*, Mot. 4, 15.

However, the plaintiff fails to establish "a reasonable factual basis" for doubting the impartiality of either myself or Judge Tinsley. *Cherry*, 330 F.3d at 665. The plaintiff presents no evidence and demonstrates a mistaken understanding of court procedures and terminology, such as his belief that "stricken from the docket" implies a conspiracy to destroy documents and "cover up the gross misconduct of the Judges involved in the case." Mot. 15. The plaintiff's claims on this matter are not supported by any reasonable factual basis or any basis beyond "unsupported, irrational, or highly tenuous speculation." *Cherry*, 330 F.3d at 665.

Accordingly, the plaintiff's Motion for Recusal and New Trial [ECF No. 65] is **DENIED.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 16, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE